**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William Denning, | )<br>) |
| Petitioner, | )<br>) No. CV-07-8021-PCT-PGR (HCE) |
| vs. | )<br>) |
| Laura Schweitzer, et al., | ) ORDER<br>) |
| Respondents. | )<br>) |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Estrada (doc. #37) in light of the petitioner's Objections to Report and Recommendation (doc. #38), the Court concludes that the petitioner's objections should be overruled as meritless because that the Magistrate Judge correctly determined that the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254 on May 24, 2007, should be dismissed as time-barred inasmuch as it was filed more than ten years after the limitations period set forth in 28 U.S.C. § 2244(d)(1) expired on April 24, 1997.

First, the Court rejects the petitioner's contention that the commencement of the AEDPA's limitation period was extended by 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year limitations period commences as of "the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence."[1] The petitioner, who was convicted in part of the sexual assault of two girls under the age of fifteen, and given enhanced sentences because they were under fifteen, argues that testimony from these victims in related hearings in Nevada in December of 1987 shows that one of the victims was fifteen at the time she was assaulted and that the assault of the other victim may have taken place outside of Arizona. The petitioner argues in part that since he was unsuccessful in obtaining the transcripts of this testimony until August of 2005, the limitations period could not have began running for purposes of § 2244(d)(1)(D) prior to then.

    The Court agrees with the Magistrate Judge that it is immaterial for purposes of the statute of limitations that the petitioner did not obtain the transcripts until August of 2005 since it is undisputed that the petitioner knew of these factual predicates in December of 1987 given that he was present in the Nevada court when the testimony of the victims related to these issues was given. It is this contemporaneous knowledge on the petitioner's part that triggered § 2244(d)(1)(D)'s due diligence requirement, not the receipt eighteen years later of the transcripts.

    Second, the Court also rejects the petitioner's contention that commencement of the limitations period was delayed pursuant to statutory tolling under 28 U.S.C. § 2244(d)(2). As the Magistrate Judge correctly noted, the petitioner had no state post-conviction relief (PCR) proceeding pending between April 24, 1996 and April 24, 1997, *i.e.*, during the time the AEDPA's one-year

---

[1] The Court agrees with the Magistrate Judge that the petitioner's statute of limitations-related arguments based on the Nevada testimony apply only to Grounds I, III, and portions of Grounds V and VI of his habeas petition.

limitations period was running, inasmuch as his first two PCRs were filed and resolved before the effective date of the AEDPA and his other three PCRs were not filed until long after the AEDPA's limitations period had expired.

Third, the Court also rejects the petitioner's contention that the commencement of the limitations period was subject to equitable tolling. The petitioner's argument that such tolling is appropriate because he was not knowledgeable about the AEDPA's requirements due to a lack of legal materials available to him is insufficient to establish that the untimeliness of his federal habeas petition was caused by an external impediment and not by his own lack of diligence. The Court agrees with the Magistrate Judge that the petitioner's ignorance of the law and lack of legal sophistication do not of themselves constitute the required extraordinary circumstances, and that any alleged lack of legal materials during the relevant limitations period, *i.e.*, between April of 1996 and April of 1997, does not establish the required causal connection between the unavailability of AEDPA-related information and the untimeliness of his federal habeas petition because the petitioner has not shown what, if anything, he did to ascertain his rights regarding federal habeas review prior to filing his habeas petition.[2]

Furthermore, the petitioner's argument that the eighteen year delay in providing him with the Nevada transcripts establishes an extraordinary circumstance justifying equitable tolling is also unpersuasive because (1) that delay does nothing to explain his failure to timely file his claims unrelated to the

---

[2]
    The Court also rejects the petitioner's arguments that his federal habeas petition was timely filed because the lack of legal materials related to the AEDPA and his failure to be given the Nevada transcripts for eighteen years constituted state-created impediments pursuant to 28 U.S.C. § 2244(d)(1)(B).

- 3 -

Nevada testimony, *i.e.*, Grounds II, IV, and portions of Grounds V and VI, and (2) as to the remaining claims, *i.e.,* Grounds I, III, and portions of Grounds V and VI, the petitioner has not established that he diligently attempted to obtained the Nevada transcripts throughout the eighteen year period.

Third, the Court further rejects the petitioner's contention that the AEDPA's limitations period has no applicability to his claim of actual innocence, *i.e.*, his claim that he is actually innocent of the facts giving rise to the sentencing enhancement for one of the victims based on the Nevada testimony of that victim that she was fifteen at the time she was sexually assaulted. Assuming that the application of the actual innocence exception applies to a claim challenging a noncapital sentencing error, the Court agrees with the Magistrate Judge that the more appropriate construction of the AEDPA's statute of limitations is that it applies to claims of actual innocence and thus requires such claims to be brought diligently. As the Court has already concluded, the petitioner did not pursue any claim arising from the victim's age with reasonable diligence after he first learned of the age-related issue in December of 1987.

However, since, as extensively discussed by the Magistrate Judge, there is no precedent binding on this Court regarding the issue of whether a claim of untimeliness under the AEDPA may be avoided by a claim of actual innocence, and since there is a split of authority among the federal courts regarding this issue, the Court concludes that a certificate of appealability should issue solely as to this issue. As to the other claims raised by the petitioner, no certificate of appealability is appropriate because the petitioner has not shown either that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, or that jurists of reason would find it debatable

whether the Court was correct in its procedural ruling. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #37) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (doc. #6) is denied and that this action is dismissed with prejudice as time-barred. The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability shall issue solely as to the petitioner's contention that the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) does not apply to his claim of actual innocence.

DATED this 6th day of December, 2009.

Paul G. Rosenblatt
United States District Judge